The next case today is Marvin Pagan-Lisboa et al. v. Social Security Administration et al. number 20-1377. Attorney Colon, please introduce yourself for the record and proceed with your argument. Good morning, this is attorney Javier Andres Colon-Volgamor. I'm representing Ms. Marie Pagan-Lisboa. The petitioners were initially claimants, then plaintiffs, and now appellants. I'd like to reserve two minutes for rebuttal. I'll make a brief statement and use the remainder of my time to answer any questions that this panel may have, three-ish for the most. The Social Security Administration is abusing its power. That is our position, and I say it in the present tense. They started in 2013 when they began implementing a new Section 205U Redetermination Policy, and they keep on changing the process as they go along. They avoid challenges to their policy by dismissing these cases, and now, after Mr. Justiniano has finally exhausted administrative procedures, they want to get these cases back under their jurisdictions. In this fight, my clients have the law, and by the law, I mean the Constitution, the statute, the regulation, judicial precedents—think Hicks and Matthews v. Eldridge—and the legislative history. My clients have the facts on their side. They have any formulation of justice is on their side. Any sense of compassion or fulfilling the As of now, have their benefits been restored? None. No. There was a—and here I'm getting out of the message that I wanted to give—but there was the district court order to restore Ms. Pagan's benefits, and they have not been restored because the agency has unilaterally stayed the process and frozen her process by saying that that's what they do. But that in itself is contrary to the Rules of Civil Procedure 62 and the Federal Rules of Appellate Procedure 8, where they have to request a stay of the district court's order to be able to stay it. And anyways, neither the Social Security Act, the regulation, nor the appeals—the Circuit of Appeals. Well, counsel, I mean, the—just to follow up on Judge Thompson's question, the—I mean, the district court did enter an order with respect to Appellate Pagan specifically stating that the commissioner shall reinstate plaintiff's benefits. The last time I met with Ms. Pagan, I had to meet with her at her bed. And I'm sorry that I'm getting—it's—let me take a second to pull myself back in. Last time I met with Ms. Pagan, I had to meet at her bed because she didn't have the ability to get out and about. She did make the effort to move to her dining room so that we ended up having lunch. But no, Ms. Pagan remains without the benefits, and more importantly, remains without Medicare, despite the district court's order. With respect—if I might—with respect to the other appellant— Mr. Gustiniano? Yes, thank you. The Social Security Administration seems to be acknowledging that we should send this matter back to the district court so that it can enter, with respect to him, exactly the same kind of order that Appellate Pagan got. In other words, his benefit should also be reinstated. Do you understand that? You understand that to be their position, I guess, correct? I understand that to be their position, and there's more to be added to that point. Okay. Well, so it would seem, if that is done, with respect to both the appellants, we would be in a position where the court—I don't really know how you could read the court's order any other way—the court has reversed the determination of the Social Security Administration, has reversed that redetermination ruling that it made. That's reversed, and now your clients would have an opportunity to argue that the so-called fraudulent evidence that was disregarded as part of the redetermination process, that should be considered. You would have a right to make that argument, and while you're making that argument, they would be getting the benefits until that new procedure is resolved. So what more are you saying that your client should get from the process that we are now going through? What more are you looking for? There is plenty more. I will not go into all the details. I'll keep myself to the main ones. So the Social Security Administration has requested the remand, acknowledging that the process as regards to excluding medical evidence was flawed or erred or mistaken. That is the rule under Section 205U1B of the Social Security Act, the exclusion of medical evidence when there is the presence of fraud or a similar fault. However, the reopening, the re-deciding, the taking a look, the redetermining of the cases themselves, which is under Section 205U1A, which is the exact same language as for the exclusion of evidence, that part, they will not look at whether or not these cases should even be reopened. So they are presuming fraud exists in order to reopen it, and we cannot challenge whether the fraud exists at all for purposes of reopening, only for purposes of excluding medical evidence. And that is a crucial distinction that has been present since the very beginning. On smaller subjects, not less important, just smaller in scope, there is the question... I'm sorry, I really need to understand what you just said. You're saying that it's not enough to now have an opportunity to show that the evidence that they have deemed fraudulent did not affect the favorable decision that your client got. You're saying you should be able to challenge the fact that that evidence is not even fraudulent. Is that your position? That is a position I take that is not the position that I was trying to at this redetermination hearing, to argue that the evidence, in fact, is not fraudulent. Are you able to make that argument? In the proposed hearing, in the proposed case on remands, they will be open to question the evidence with regards to whether or not to exclude, they'll be open to question the evidence of fraud whether in regards to whether or not to exclude the medical, specific medical evidence. They will not allow the evaluation, they are not open to examining the evidence of fraud with regards to whether or not even reopen the cases. So our position is that to be able to redetermine the cases, to be able to reopen or redecide the cases, that ability to reopen is premised on the existence of fraud or similar fault, but they will not allow the examination of fraud or similar fault for that premise, for that evaluation. As a practical matter, I'm trying to understand how that impacts the end result. I understand the distinction that you're making. You're saying that you have a rebuttable presumption at the hearing stage that they're willing to afford, but an unrebuttable presumption at as to whether they're going to reopen it in the first place. But as a practical matter, what difference does it make? In the case of Mr. Justiniano, it sums up to the years and years of benefits that have been accumulated. If they give him a merits hearing where he's allowed to once again re-establish his case of disability, you're saying that the retroactive benefits will not go back to the original date termination under this current formulation? The immediate proposal is similar to what you're saying, but that's not where the problem lies. The problem lies if after the merits hearing they decide that Mr. Justiniano was not disabled in 2010. I don't remember the exact date. Then they suspend benefits, and then they can assess the overpayment. The overpayment itself then can be waived or not as a second step. But benefits would have accumulated from the date that they were initially awarded benefits until that hearing where they say that no, in effect, fraud has taken place and no, you do not, the new hearing on the merits. Then that lump sum would go into the decision on whether to waive or not the benefits. Right now, what they have done is simply terminated the benefits, and from the date of the termination through the new hearing, those benefits will not be in essence in play because they have not been paid out. Even if they decide that Mr. Justiniano is not currently disabled, and therefore we will suspend benefits, all that past benefits is being then denied. Counsel, the order that I referred to earlier says that the Commissioner shall reinstate claims benefits, but that sounds biased language. That means that going forward, pending the outcome of the redetermination proceedings that we are ordering, your client will continue to receive benefits. But your clients have now been without benefits for some years, right? Because of the redetermination process. I gather that your position, this order does not address that problem. There is no order that they recoup, if you will, the benefits that they have not been getting for a number of years. That is going to depend on the outcome of the redetermination process. Is that correct? That is correct. That is what I had said. I had pointed as there is additional information to it. That is the point. That is additional information to it. It is more obvious in the case of Mr. Justiniano, because the temporary reinstatement is being defined from hearing, new ALJ hearing up to the new ALJ hearing. Whereas the whole period from the suspension through the reinstatement, that remains then in limbo. And that is more obvious in the case of Mr. Justiniano. Okay. Before your time is up, can I ask you a question? You seem to assume that the class issue was before us. The Social Security Administration does not say a word about the class issue in its brief. We will ask them about that. But they seem to take the view that there is no class issue before us. Why do you take the position that there is? There has no class certification, no determination that your clients are representatives of the class. The class has not been certified. That is correct. For purposes of this appeals before your honors, we presume that we treat the class as if it has been certified. And then the district court if it's returned to them, the district court then would have to actually go through the process. They don't have to reach the conclusion, but they would have to then be open to evaluating the certification or not. It was in the allegations. Say that again, please. For purposes of this appeal, we should assume what? By we, I mean the appellants. For purposes of this appeal, we presume that the class action is certified because for purposes of the appeal, at the appeal level, all the allegations are the complaint. Then in this review, they should be taken as true. Once the case, if this court so decides returns the jurisdiction to the district court, then the district court would proceed in its normal process and evaluate whether or not the class action is to be certified. If I might just try to pin that down a little bit more clearly because I still don't understand. If we were writing an order about class certification, what would it say? What would you have to say about the class certification issue? The order that in specific I'll include, the order more generally that I'm looking for is for the district court to evaluate the merits of the claims, including to evaluate whether or not to certify the class action. What is the error that the district court made with respect to the class issue that is now before it? What is the error? They dismissed for lack of jurisdiction the challenge to the policies. The policies are what affect the class, whatever potential class would be affected by the validity of the policy. By dismissing the ability to challenge the policies, they are dismissing the class. All right. I think we'll hear from Ms. Lilly now and you have reserved some time. Thank you, Your Honors. If you could mute your audio and video. Thank you. Good morning, Your Honors. Janie Lilly for the Social Security Administration. As Your Honors have pointed out, the plaintiff's challenge to redetermination proceedings that were applied to both of the plaintiffs were dismissed because the agency acknowledged that it applied the wrong procedures. While plaintiffs claimed that they would like to challenge or lawfully had to challenge an opportunity to challenge the exclusion of medical evidence in their case, they will get an opportunity to do so on remand after the agency acknowledged its error. Accordingly, the district court order in Ms. Pagan's case, reinstatement of benefits, and the Social Security Administration is prepared to reinstate her benefits to the redetermination order that the district court reversed and vacated and provide her new procedures under which she may challenge the exclusion of the medical evidence in her case. After remand to the district court to permit Mr. Justiniano's amendment of his complaint to acknowledge that he has exhausted administrative remedies, remand on the same terms to the agency. The years during which the appellants have not received disability benefits because of the earlier redetermination process, the fate of that money will depend upon the outcome of the new redetermination proceedings. Is that correct? In part, Your Honor. So the benefits will be reinstated as of the date of the ALJ's orders on redetermination. So in Ms. Pagan's case, her benefits were terminated as of that date. She will receive benefits going forward during dependency of the new redetermination proceedings as well as a restoration of the restored as of the date of the ALJ decision in his case and going forward during the redetermination proceedings. Because his benefits were terminated at an earlier point in the process, there will be a gap between the benefits, the date on which his benefits were terminated, and the date on which they will have been restored. Does that answer your question, Your Honor? I guess. I don't know why the difference in treatment for the two appellants. I don't understand that. The difference in treatment is because the point in the administrative process at which their benefits were suspended. For Mr. Justiniano, that happened prior to the ALJ hearing. How could they be suspended before there's been any determination that the fraudulent evidence played a role in the earlier disability determination? How can you lose benefits without any hearing at all? I don't understand. Well, as we've described in our brief, there were specialized hearings under which the agency determined whether there was reason to believe that fraud or similar fault tainted an application for benefits. In Mr. Justiniano's case, his benefits were suspended and then terminated at that earlier level. When he appealed to the ALJ, that's when he should have been given an opportunity to challenge the But, Your Honor, the district court's order with respect to the reinstatement of benefits certainly hasn't been made in Mr. Justiniano's case because of the error with respect to amendment. But that is our reading of the district court's decision in Ms. Pagan's case is that because it vacated the ALJ's decision on redetermination and reinstated benefits, it would occur at that point. Just to follow up on that briefly, if I might, in Mr. Justiniano's case, I thought your position now was that at the original hearing, not before the ALJ, but the original determination that he should have been entitled to argue against exclusion of the medical evidence. Your Honor, that he should have been able to do so before the ALJ. But not before that? Because the ALJ is the point in the But it doesn't make sense to me that benefits would be suspended or terminated before that point if there's no opportunity to challenge. Yes, Your Honor. The statute requires the agency to redetermine benefits and affords it the discretion to suspend benefits once there has been a reason to believe that fraud or similar fault tainted the application. So the remedy afforded is the opportunity to contest the exclusion of that evidence, which the agency allows at the ALJ hearing. So whether you become aware of the fraud through a prosecutor or I.G. or determine it on your own, benefits are going to be cut off until there's a hearing before the ALJ? Your Honor, I am not certain about the answer to that. I think there are different processes in different cases. In Ms. Pagan's case, and my understanding but could confirm, is that the benefits were terminated at the conclusion of the ALJ proceeding, and so she would be made whole during the pendency of the new redetermination proceedings. Yes. So when there's just, I guess going back to basics, when there's a claim, an individual claims disability benefits, as an initial proposition, how is that claim resolved? I thought there was some kind of a hearing process, perhaps not before the ALJ. I understood the ALJ was another step in the administrative process, but there is some kind of hearing process, is there not, that makes that initial determination of what is or is not entitled to disability benefits, and then if one is not successful, then you go on to the next stage, which may be before the ALJ, and if that doesn't work, you go to the Appeals Council. But that initial determination involves some kind of hearing, does it not? That initial determination does, I think, the initial determination was made by a, by a, I believe, a specialized group within the Social Security Administration, and then the plaintiffs were able to challenge that determination before the ALJ, and then the Appeals Council. So once they're given, once they're notified of any regularity, is it they're notified of any regularity which results in immediate suspension, or is it a notice that says we've identified this irregularity, what say you in response to it before it's suspended? I believe in these cases, and if the court has questions, happy to submit a further, you know, a further response to the court. In this case, I believe that the notices were given and benefits were initially suspended and then terminated after there had been a redetermination. And it was a flat, it was a flat redetermination which totally excluded the evidence by these providers without any opportunity to challenge? Yes, Your Honor, and the agency has acknowledged that that was error, that it would, that these cases were more properly considered SSA-initiated referrals, and therefore that claimant should have been given an opportunity. And my understanding is that that is the case for all claimants who are currently in the administrative process, that in the redetermination proceedings that are happening, that that are before the agency, they will be afforded an opportunity to challenge the evidence. So counsel, if that's the point at which they are supposed to be allowed to challenge the exclusion of the evidence, I do not understand why the benefits only get reinstated to the date of the ALJ's decision when there's an acknowledged legal error that took place before that. The legal error was not permitting them to challenge the exclusion of the evidence before the ALJ. That's not what you just said. Well, then I apologize, Your Honor, I should correct the record. The HALEX guidance permits the challenge of the exclusion of evidence before the ALJ, and that was the error. But you just said that they should have been permitted prior to the proceeding before the ALJ at the redetermination stage. I'm sorry, the ALJ hearing is the redetermination stage that I was referring to, so I appreciate the opportunity to clarify that, Your Honor. And in this case, for Ms. Pagan, because that was the date of the termination of her benefits, it will restore her benefits entirely during the pendency of the redetermination hearings. So, the redetermination hearing in front of the ALJ, if the decision there is that the evidence should not have been excluded and that they should have been found to have been disabled, is there then a retroactive reinstatement of the benefits, or is it just going forward? At that point, the benefits retroactively will have already been reinstated. That is the upshot of the district court's remand order. Not in this case, I'm just, how does the process work? How does the process work? Because the district court here vacated the ALJ's redetermination decision, at which point Ms. Pagan's benefits were terminated, the remand order in the district court in this case will result in the reinstatement, the full reinstatement of her benefits for retroactively as well as prospectively. If at the conclusion of the new redetermination proceedings, it is determined that she is disabled, then there will be little left to do because she will have received her benefits, she will have already received her benefits retroactively and will continue to do so going forward. Does that answer your question, Your Honor? Partially. Justinian's case, where there's the actual gap. Where's the actual gap? If at the conclusion of his new redetermination proceedings, during which he can challenge the exclusion of the evidence, the ALJ determines that he was disabled at the time of his initial application, then the benefits during what you've described as the gap will be restored as well as going forward. But once again, you're saying that it's retroactive only to the date of the ALJ's decision? Yes, Your Honor. And maybe I'm thinking about this incorrectly, but is it fair to say that there could be months between a suspension and an ALJ hearing? Yes, Your Honor, it is fair to say that, or sometimes longer. And so the recipient will not get benefits for that period even if the person were in fact disabled during that period? I'm sorry, to clarify, if on redetermination Mr. Justiniano is determined to have been disabled, he will get the benefits reinstated from that gap period. So yes, Your Honor, if he is determined to be disabled or disabled as of the date of his initial application, his benefits will be fully restored. All right, so there's no gap depending on the determination. In other words, there's no gap between the last check he received and the next check he receives if he's determined to be disabled throughout that period? That's right. Yes, Your Honor. That if he is ultimately determined to be disabled, and conversely, if at redetermination the ALJ determines and the Appeals Council affirms that he was not disabled as of the date of his initial application, then the agency could commence overpayment proceedings and recoup those benefits. The opposing counsel says that despite the district court's order, Mr. Gaunt is not receiving any benefits. Is that because these appellate proceedings are continuing? Yes, Your Honor. So the agency's practice is that while the case is on appeal, it does not effectuate the district court's order. And so once the case is remanded to the agency, benefits will be reinstated at that point and the new redetermination procedures can commence.  You heard what the appellate said about that. You say not a word in your brief about the class issue. What conclusion are we supposed to draw from your neglect or refusal or choice not to address the class issue? Your Honor, there is no class at this point. As we explained in our brief, there was never a class certified. There were two individual plaintiffs and we have explained that Ms. Pagan has obtained all of the relief that she would be entitled to under this court's precedent, which is a remand for the very procedures that she's asked for to challenge the exclusion of evidence. And we believe that Mr. Justiniano should receive the same relief. But there is no class in the case at this point. More to the point, the class allegations discussed in plaintiff's brief concern judicial waiver of exhaustion, which this court in a case brought by Mr. Justiniano at an earlier point in the proceeding found was not appropriate. And all of the cases pending before the agency, that is all of the claimants with unexhausted claims will receive the benefits of the redetermination procedures permitting them to challenge the exclusion of evidence. Moreover, neither Mr. Justiniano nor Ms. Pagan have unexhausted claims. So it's not clear that they would be able to press those claims. But most importantly, there are no class claims in the case at this point. And that's why we did not brief them. You heard what Appellant said about, I'm still not sure I fully understand respectfully what said, he talked about, we should presume that there is a class in play. And then when it goes back to the district court, the court will understand that there is a class issue to be addressed. I mean, how did you understand what Appellant was saying? I'm not sure I did, Your Honor. And as we understand it, there at this point were two individual plaintiffs because there was no class certified. One individual plaintiff got the relief that would redress the grievances filed in her complaint. We think the other individual plaintiff should be treated in the same way. And we think there's little else for the court to do at this point. I understand Appellant is making constitutional arguments about other procedures that come into play in these redetermination procedures. But those would be in situations where the OIG or perhaps the prosecutor had referred matters. I guess your position would be, well, that's not implicated here. That's right, Your Honor. It's just not part of this case. Is that correct? That's right, Your Honor. So he relies on constitutional claims and other arguments challenging the procedure that we now say doesn't apply to these plaintiffs. The SSA has concluded that that procedure that has been challenged in other litigation doesn't apply to Ms. Pagan and Mr. Justiniano. And they should get the benefits of the procedure. And the benefits are the exclusion of evidence. And that's precisely the grievance that plaintiffs had with the procedure they did get. So in that sense, they are getting the correct procedure and it will provide them the process that they say they were due. Why haven't you described a constitutional issue here? I think in response to Judge Howard, you said that if the Social Security Administration believes that a benefits determination was based on fraudulent evidence, that the beneficiary will receive a notice that there is a belief that that disability determination was based on fraudulent evidence, we are hereby suspending your benefits in light of that determination. Yes, you will now have a chance to challenge that at a hearing. But in that period before a hearing will be held, there is a suspension of benefits just on the basis of notice. Haven't you described that procedure? Your Honor, I have. And I've also suggested that perhaps I need to provide the court with more detail about what happened in Mr. Justiniano's case. I'm not prepared to describe with apologies exactly the stage at which his benefits were suspended. That was not the challenge that was briefed in this case. And so I apologize, but I'd have to provide the court with more detail about that. Should we ask counsel for that, Judge Howard? Should we ask counsel to do that? Yes, I think that would be helpful. All right. Other questions from the panel? Thank you. No, thank you. Okay, thank you, Ms. Lilley. Thank you, Your Honor. Mute. Thank you. I believe, Mr. Colon, you have reserved two minutes. Good morning again. This is Javier Andres Colon-Volgerman, representation of Ms. Maripa Ganlis-Boa and Mr. Daniel Justiniano. There is a point that I want to touch back on, and it's the government's insistence that this is strictly or that our claim is strictly about being able to challenge the exclusion of evidence. Again, the exclusion of evidence is premised under Section 205U1B, whereas the creating or having the redeterminations is under 205U1A, and there's the distinction—the law makes a distinction between what is the excluding evidence and the other one is carrying out the redeterminations. So this is important because even if the cases end up not excluding the evidence, any two reasonable judges looking at the same evidence can reach different conclusions. So before forcing a claimant to defend themselves again, there has to be the evidence that justifies reopening the case altogether for them to be able to then justify. And all of it can happen during the same hearing, but they have to be able to be allowed—my relates to whether or not the case can even be reopened. And if the case cannot be reopened based on the evidence of fraud, that would be the end of that issue, as opposed to the insistence that it's only about whether or not to exclude evidence, medical evidence. So how would that work? I take it that you would require a notice that we intend to suspend and you can challenge this in front of an ALJ. Correct. So I would expect that the agency makes an investigation with the help of whatever other external agencies. They put together a file. They notify the claimants, in your case, we suspect that there was fraud. You will have a hearing on such a date. And in that hearing, you can challenge the evidence that the fraud took place. We will look at whether or not this evidence will be excluded. You have the opportunity to defend or oppose the exclusion of that evidence. And we will evaluate the medical record as it was for certain dates. Now, also with that notice and prior to the hearing, even if it's not with the notice itself, there has to be a delivery by the agency of what is the evidence upon which we are finding fraud. In the case of Mr. Justiniano, the evidence was not supplied until finally, years later, the case reached an ALJ hearing. So all that time, there was no evidence upon which to challenge the fraud. And even during the hearing, which they have corrected partially, even during the hearing, they would not allow a challenge to the evidence of fraud. Now, they are going to allow a challenge of the evidence of fraud with regards to the exclusion of the evidence, but not with regards to the justification for the proceedings themselves. Anything further? Thank you both. That concludes the arguments in this case. Attorney Colon and Attorney Lilly, you should disconnect from the hearing at this time.